IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CITY OF ST. PETERSBURG, et al. | : | MISC. CASE NO. 07-191 |
|     Plaintiffs | : | |
| | : | |
| v. | : | NO. 06-20953-CIV-LENARD |
| | : | |
| TOTAL CONTAINMENT, INC., | : | |
| et al. | | PENDING IN THE UNITED STATES |
|     Defendants | : | DISTRICT COURT FOR THE |
| | : | SOUTHERN DISTRICT OF |
| | : | FLORIDA |

M E M O R A N D U M

**STENGEL, J.**                                                                                                                                                                                                 **May 1, 2008**

      Two motions now pending before this Court arise out of a products liability case filed in the United States District Court for the Southern District of Florida, City of St. Petersburg, et al. v. Total Containment, et al., Case No. 06-20953 ("underlying action").[1] The plaintiffs in the underlying action filed two subpoenas *duces tecum* without deposition on Sovereign Bank, a non-party, requesting the bank records at issue in the motions presently pending before this Court.[2] PolyFlow[3] filed motions to quash the

---

[1] In the underlying class action, plaintiffs allege that PolyFlow, Inc., took part in a fraudulent scheme by receiving at least $6.1 million in assets from an insolvent and later bankrupt entity, Total Containment, Inc., without adequate consideration. Plaintiffs allege that the scheme was effected to place these and other assets out of reach of creditors and potential creditors, including the plaintiffs in the underlying case.

[2] See PolyFlow Mot. to Quash (Document #1), Ex. 1. Plaintiffs subpoenaed PolyFlow's bank records for 2002. Based on PolyFlow's motion to quash the first subpoena, filed November 21, 2007, plaintiffs served a second subpoena on the same day, for the same documents, this time

subpoenas and for a protective order.  Based on the submissions of the parties and the following discussion, I will deny PolyFlow's motions.  I will grant plaintiffs' request to modify the first subpoena to require production within the Eastern District of Pennsylvania in accordance with Rule 45(a)(2)(C).

## I.   BACKGROUND

On November 7, 2007, the plaintiffs in the underlying action served Sovereign Bank with a subpoena *duces tecum* without deposition requesting the production of "all documents including bank records for the year 2002" for a certain Sovereign Bank account, "owned by or held for the benefit of Polyflow, Inc."  See PolyFlow Mot. to Quash (Document #1), Ex. 1.  The subpoena specified that production be made in Nashville, Tennessee.  Id.

PolyFlow filed its first Motion to Quash on November 21, 2007, one day after the return date on the subpoena, arguing that: (1) the subpoena is defective on its face for failure to comply with Federal Rule of Civil Procedure 45(a)(2)(C), which requires that a subpoena for production without deposition be issued from the court where the

---

specifying a different place of production.  Id.

[3]As a party claiming a personal right or privilege with respect to the subject matter of the subpoenas, Polyflow has standing to seek to quash them.  See Barbine v. Keystone Quality Transport, No. 03-3426, 2004 U.S. Dist. LEXIS 7748, at *1 (E.D. Pa. Apr. 28, 2004) ("Ordinarily, a party lacks standing to seek to quash a subpoena issued to a non-party unless the party claims a right or privilege with regard to the documents sought.") (quoting 9A Federal Practice & Procedure § 2459, at 41 (2d Ed. 1995)); Davis v. General Accident Insurance Company of America, No. 98-4736, 1999 U.S. Dist. LEXIS 5344, at *6 (E.D. Pa. April 20, 1999).

production is made; (2) the requested banking records constitute privileged and confidential commercial information; (3) disclosure of said documents would reveal PolyFlow's client list as well as financial information not otherwise available to the public, and would result in irreparable harm to PolyFlow; and (4) plaintiffs' request for "all documents" is overly broad and not likely to lead to the discovery of admissible evidence as required by Federal Rule of Civil Procedure 26(b)(1).  See PolyFlow Mot. to Quash (Document #1).

Following PolyFlow's first Motion to Quash, plaintiffs served Sovereign Bank with a second subpoena *duces tecum* without deposition on November 21, 2007, requesting the same documents to be produced in Barto, Pennsylvania.  Polyflow filed a Motion to Quash Second Subpoena on November 26, 2007, adding to the arguments listed above its further objection to the second subpoena for failure to comply with the Court's scheduling orders in the underlying action, under which all fact discovery was to be completed by November 23, 2007.  See PolyFlow Mot. to Quash Second Subpoena (Document #2), 2-3.

The plaintiffs filed a consolidated response to both motions, arguing that PolyFlow's first motion was untimely because it was filed one day after the time specified in the subpoena for compliance.  Sovereign Bank, the respondent, has not objected to either subpoena.  According to plaintiffs, Sovereign Bank is ready to produce the documents, and has raised no objection to production under the terms of either subpoena.

### III. LEGAL ANALYSIS

A.   Timeliness of PolyFlow's Motion to Quash

A motion to quash must be "timely filed" under Rule 45.[4] Ample authority exists holding that timeliness means within the specified compliance period, so long as that period is of reasonable duration. See 9 MOORE'S FEDERAL PRACTICE - CIVIL § 45.50 (2006); Dexter v. Cosan Chem. Corp., No. 91-5436, 2000 U.S. Dist. LEXIS 22134, at *7-8 (D.N.J. Oct. 24, 2000) (motion to quash filed on September 21, 2000, two days after September 19, 2000 return date, was untimely and therefore denied); Nova Biomedical Corp. v. i-Stat Corp., 182 F.R.D. 419, 422 (S.D.N.Y. 1998) (motion to quash, served by hand two days before compliance date, was timely); Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (motion to quash should be brought before date of deposition commanded by subpoena); Allender v. Raytheon Aircraft Co., 220 F.R.D. 661, 665 (D. Kan. 2004) (return date for production subpoena had already passed so motion to

---

[4]Rule 45(c)(3)(A) provides, in relevant part,
  **(3)** *Quashing or Modifying a Subpoena*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
  (i)    fails to allow a reasonable time to comply;
  (ii)   requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . .
  (iii)  requires disclosure of privileged or other protected matter, . . .; or
  (iv)   subjects a person to undue burden.

4

quash was untimely); United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (motion made several months after compliance date untimely).

In this case, the original subpoena was issued on November 7, 2007, commanding Sovereign Bank to produce the requested documents by November 20, 2007.  PolyFlow filed its first motion to quash the day after compliance was due, on November 21, 2007, despite receiving notice of the subpoena on November 8, 2007.  The motion is therefore untimely and must be denied.  The second subpoena and PolyFlow's Motion to Quash Second Subpoena are therefore moot, and PolyFlow's second motion will accordingly be denied.

### B.     PolyFlow Fails to Establish Undue Burden under Rule 45(c)(3)(A)(iv)

To the extent that PolyFlow's second motion to quash requires consideration, it should also fail because it does not meet the substantive requirements of Rule 45(c)(3)(A) or (B), namely, PolyFlow has not shown that compliance with the subpoena would subject it or Sovereign Bank to an undue burden.  See FED. R. CIV. P. 45(c)(3)(A)(iv).  It is PolyFlow's burden to establish the requirements of Rule 45 as the party seeking to quash the subpoenas.  See Dexter, 2000 U.S. Dist. LEXIS 22134, at *7 (movant bears burden on motion to quash, and that burden is "a heavy one").  PolyFlow's principal assertion of undue burden is that discovery of the bank records would grant the public and "certain competitors" access to PolyFlow's proprietary information, resulting in

commercial harm.

In order to establish "undue burden" under Rule 45(c)(3)(A)(iv), PolyFlow must show a "clearly defined and serious injury."  See Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 592-93 (D. Kans. 2003) (general assertions of competitive disadvantage insufficient to show undue burden for the purpose of a motion to quash).  Instead, PolyFlow raises idle and unsubstantiated conjecture about the possible actions of anonymous "competitors."  In reality, the protective order issued in the underlying action adequately addresses these and more credible concerns about competitive disadvantage. The second motion to quash should therefore be denied on this ground in the alternative.

    C.    Rule 45(a)(2)(C): Form and Contents of the Subpoena

PolyFlow argues that plaintiffs' first subpoena was invalid on its face because it did not issue "from the court for the district where the production or inspection is to be made."  See FED. R. CIV. P. 45(a)(2)(C).  The first subpoena sought production of documents located in this district, but specified the place of production as an address in Nashville, Tennessee.  In response to PolyFlow's untimely Motion to Quash, plaintiffs quickly served a second subpoena, specifying a location within the Eastern District of Pennsylvania as the place of production.  See PolyFlow Mot. to Quash Second Subpoena (Document #2), Ex. 1.  Both the motion to quash and plaintiffs' second subpoena were effectuated after the date of production specified on the first subpoena, but within the discovery period set forth in the Court's scheduling order in the underlying action.

Rule 45(a)(2)(C) requires that a subpoena *duces tecum* issue from a court where the documents to be produced or inspected are located.  See, e.g., Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374, 380-381 (W.D. Pa. 2005) ("[A] district court cannot issue a subpoena . . . to a non-party for the production of documents located in another district.") (internal quotation omitted); see also Echostar Communs. Corp. v. News Corp. Ltd., 180 F.R.D. 391, 396 (D. Colo. 1998) (quashing subpoena issued from Colorado district court where respondents transacted no business and maintained no documents in Colorado).  In 1991, Rule 45 was amended in order to "facilitat[e] access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties" and "to facilitate service of subpoenas for depositions or productions of evidence at places distant from the district in which an action is proceeding." FED. R. CIV. PROC. 45, 1991 Amendment, Purposes of Revision.  The Amendments, therefore, represent an effort to permit access to documents based on their location.  The appropriate focus in this case, then, is not address of production written on the subpoena, but the location of the documents requested, and whether or not they are in the control of a respondent within the district of the issuing court.  Cf. Echostar, 180 F.R.D. at 396 ("The appropriate question to ask is  . . . whether the agent for service of process possesses the degree of control over the documents which would make it appropriate to enforce a subpoena over a corporation from a court in one state, when the corporation's documents are located in another state.").

For the purposes of resolving the present dispute, I find that the geographic limitation in Rule 45(a)(2)(C) relates principally to the location *of the documents to be produced*, rather than the specified location on the subpoena.  See, e.g., Highland Tank, 227 F.R.D. at 380.  Notwithstanding the fact that PolyFlow's motion was untimely, the first subpoena was facially valid under Rule 45(a)(2)(C) as it issued from a court in the district where the documents to be produced were located.  Plaintiffs call PolyFlow's untimely attack on the subpoena "hypertechnical" and I agree.

The Rules permit a court to quash or modify subpoenas under certain circumstances, notably for the protection of non-parties to ensure that these entities are not subject to an undue burden, such as travel beyond the ordinary subpoena power of the issuing court.  In light of the above considerations, I do not agree with PolyFlow that the subpoena must be quashed as facially invalid.  It is fair to say that PolyFlow's untimely attack was lodged to avoid production of evidence that may be highly relevant to the allegations against Total Containment, Inc. and PolyFlow in the underlying action.  The concerns voiced through protections for non-parties under Rule 45 do not present themselves in this case.  I will therefore uphold the first subpoena *duces tecum* as facially valid.  Plaintiffs have agreed that the subpoenaed documents be made at the Pennsylvania address specified on the second subpoena *duces tecum*.  I will grant plaintiffs' request to modify the first subpoena to require production in the Eastern District of Pennsylvania, at

the Pennsylvania address specified on the second subpoena *duces tecum*.[5]

    D.    Scope of Plaintiffs' Subpoena

Information sought by litigants under the Federal Rules of Civil Procedure must be likely to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Under the liberally construed discovery rules, "relevant discovery includes any matter that bears on or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Leamer v. Fauver, 2008 U.S. Dist. LEXIS 16898 (D.N.J. 2008) (citing Oppenheimer Funds v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)) (internal quotation omitted). PolyFlow argues that the subpoena is overly broad because it seeks "all documents including bank records" from 2002 for the bank account in question, including financial transactions with non-parties in the underlying action. On the contrary, the discovery requested is sufficiently limited to the relevant

---

[5]Plaintiffs claim that a court can modify the first subpoena under Rule 45. That Rule permits modification only under specific circumstances. Rule 45(c)(3)(A)(iv) *requires* modification (on timely motion) *inter alia* where a subpoena subjects a person to undue burden. To find undue burden under these facts would stretch the language of the Rule, as all that is required of Sovereign Bank here would be mailing the requested records Nashville, Tennessee. Rule 45(c)(3)(B) *permits* modification (on timely motion) primarily to protect against disclosure of intellectual property. See FED. R. CIV. P. 45(c)(3)(B). Plaintiffs assert that Rule 45(c)(3)(B) applies here, but the plain language of the Rule suggests otherwise. Rather, under the circumstances presented, where the technical requirement of Rule 45(a)(2)(C) is concerned, the decision to quash or modify is within the discretion of the court. See 9 MOORE'S FEDERAL PRACTICE - CIVIL § 45.50[5] (2006); Tiberi v. Cigna Ins. Co., 40 F.3d 110, 112 (5th Cir. 1994) (district court's decision to quash and encourage party to file more narrowly drawn subpoena, rather than ordering modification by court, was within court's sound discretion); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 53-54 (S.D.N.Y. 1996) (overbroad subpoena quashed, not modified by court); Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 813 (9th Cir. 2003) (decision to quash subpoena is reviewed for abuse of discretion).

account and time period to meet the liberal standard of relevancy under Rule 26(b)(1). I will deny the motion to quash on this ground as well.

E.   Scheduling Order in Underlying Action

In its motion to quash the second subpoena, PolyFlow argues that the deadline for production violated the scheduling order in place in the underlying action, which required completion of all fact discovery by November 23, 2007. See PolyFlow Mot. to Quash Second Subpoena, Ex. 2.[6] Having upheld the validity of the first subpoena, issued within the discovery period established by the Court in the underlying action, PolyFlow's objection must fail. Any further delay in completion of discovery in the underlying action is a result of PolyFlow's own efforts to slow or prevent the production of the subpoenaed documents, and cannot justify denying the plaintiffs access to these materials.[7]

F.   Motion for Protective Order

PolyFlow also requests that a protective order issue prohibiting the production of

---

[6] Plaintiffs submit that the November 23, 2007 appears in a minute order rather than as a "deadline" under the Joint Scheduling Order, and that the parties have engaged in some discovery after that date, including issuing third-party subpoenas *duces tecum*, with a production date of December 20, 2007.

[7] It is further noted that subpoenas to third parties are not automatically subject to discovery deadlines established by the court for the conduct of discovery between parties to a case. See O'Boyle v. Jensen, 150 F.R.D. 519, 520 (M.D. Pa. 1993) ("The subpoenas at issue are addressed to third parties, not to the plaintiff. The discovery deadline established by the court precludes parties from conducting any further discovery addressed to each other or requiring one another's presence or participation, e.g. discovery in the form of interrogatories or depositions. It was not intended to preclude, and does not preclude, parties from gathering additional information on their own case or that of their opponent through independent lines of inquiry not directed to, or requiring the participation of, the other side.").

any documents by Sovereign Bank related to account 2411513763.  I have already found that the first subpoena is sufficiently limited in scope and likely to lead to discoverable evidence under Rule 26(b)(1).  As the plaintiffs point out, the protective order in the underlying action adequately addresses the concerns raised with this Court over production of the Sovereign Bank records.

## IV.   CONCLUSION

I will deny PolyFlow's first Motion to Quash as untimely.  PolyFlow's Motion to Quash Second Subpoena fails because it is moot and because it does not establish undue burden under Rule 45(c)(3)(A).  Any confidentiality concerns associated with production according to the terms of the first subpoena, as modified pursuant to the present discussion, are cured by the general protective order issued in the underlying action.  PolyFlow's request for a protective order is therefore denied.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CITY OF ST. PETERSBURG, et al. | : | MISC. CASE NO. 07-191 |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 06-20953-CIV-LENARD |
| | : | |
| TOTAL CONTAINMENT, INC., | : | |
| et al. | : | PENDING IN THE UNITED STATES |
| Defendants | : | DISTRICT COURT FOR THE |
| | : | SOUTHERN DISTRICT OF |
| | : | FLORIDA |

**O R D E R**

**STENGEL, J.**

     **AND NOW**, this 1st day of May, 2008, upon consideration of PolyFlow, Inc.'s Motion to Quash Subpoena and for Protective Order (Document #1), and PolyFlow, Inc.'s Motion to Quash Second Subpoena and for Protective Order (Document #2), and responses thereto, it is hereby **ORDERED** that:

1)     PolyFlow, Inc.'s Motion to Quash Subpoena and for a Protective Order (Document #1) is hereby **DENIED**. Sovereign Bank is directed to comply with the subpoena *duces tecum*, issued on November 7, 2007, in accordance with the modifications set forth in this Order.

2)     The subpoena *duces tecum*, issued on November 7, 2007, is hereby modified to require the **Place of Production** as:

        **EMA Attorney Services**
        **711 Pine Street**
        **Barto, PA 19504**

3)    The subpoena *duces tecum*, issued on November 7, 2007, is hereby modified to require the **Date and Time of Production** as **May 14, 2008**.

4)    PolyFlow, Inc.'s Motion to Quash Second Subpoena (Document #2) is hereby **DENIED** as moot.


        BY THE COURT:


        /s/ Lawrence F. Stengel
        LAWRENCE F. STENGEL, J.